[Cite as *State v. Brown*, 2018-Ohio-4742.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 17AP-455 |
| v. | : | (C.P.C. No. 14CR-4083) |
| Earl G. Brown, Jr., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on November 27, 2018

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Barbara A. Farnbacher,* for appellee.

**On brief:** *Earl G. Brown, Jr.,* pro se.

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Earl G. Brown, Jr. is appealing from the trial court's refusal to allow him to withdraw his guilty pleas to possession of cocaine as a felony of the first degree and as a misdemeanor of the first degree. He assigns four errors for our consideration:

> I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO CONDUCT AN EVIDENTIARY HEARING ON THE MOTION TO WITHDRAW GUILTY PLEA, DEPRIVING APPELLANT OF DUE PROCESS OF LAW.
>
> II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISRETION IN REFUSING TO GRANT RELIEF BASED UPON APPELLANT'S DEMONSTRATION OF INEFFECTIVE COUNSEL AND THE PREJUDICE RESULTING FROM SUCH INEFFECTIVENESS.

III. THE TRIAL COURT ERRED IN FAILING TO ADDRESS EACH OF THE GROUNDS FOR RELIEF AND THE EVIDENCE SET FORTH IN THE MOTION, DEPRIVING APPELLANT OF DUE PROCESS OF LAW.

IV. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED [TO] ADDRESS DEFENDANT-APPELLANT PERSONALLY TO DETERMINE THAT DEFENDANT-APPELLANT WAIVED HIS RIGHT TO CONFRONTATION KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY.

{¶ 2} Brown sold a significant amount of cocaine to an undercover narcotics officer. This led to his being indicted on the felony possession charge with a major drug offender specification. His counsel arranged a plea bargain which eliminated the major drug offender specification for which he could have received an additional six years of incarceration. Brown also had a separate felony possession charge reduced to a misdemeanor. The pleas occurred in January 2015.

{¶ 3} More than two years later, Brown sought to set aside his guilty pleas, despite the requirements of Crim.R. 32.1. Crim.R. 32.1 reads:

A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶ 4} The trial court overruled his motion to vacate the pleas, leading to this appeal.

{¶ 5} Brown had the benefit of a very favorable plea bargain. Setting aside that plea bargain might actually harm him, not help him. There is no basis for an assertion that the pleas should be set aside to avoid a manifest injustice.

{¶ 6} For a brief time, the law in Ohio was unsettled as to the bulk amount of controlled substances. The Supreme Court of Ohio changed the law on that issue for a brief time and then changed it back. *See State v. Gonzales,* 150 Ohio St.3d 261, 2016-Ohio-8319 ("*Gonzales I*"), and *State v. Gonzales,* 150 Ohio St.3d 276, 2017-Ohio-777 ("*Gonzales II*"). Any argument Brown had about the bulk amount of cocaine in his case was undone by *Gonzales II.*

{¶ 7} Turning to the specific assignments of error, Brown never had a reasonable argument that he had suffered a manifest injustice as a result of his conviction of lesser charges. He avoided greater charges. No evidentiary hearing was required.

{¶ 8} The first assignment of error is overruled.

{¶ 9} Brown's trial counsel was actually quite effective in working out a plea bargain which avoided exposure to six more years of incarceration for the sale of a significant amount of cocaine to an undercover police officer. Proof of guilt was not going to be difficult.

{¶ 10} The second assignment of error is overruled.

{¶ 11} Because Brown never even approached clearing the bar set by Crim.R. 32.1, the trial court judge did not need to address all the allegations set forth in Brown's motion to vacate his pleas.

{¶ 12} The third assignment of error is overruled.

{¶ 13} The original plea proceedings were properly conducted. Brown had an opportunity to complain in the trial court at the time he entered his pleas. Brown had an opportunity to appeal the acceptance of his guilty pleas. He did nothing. He has no basis to complain over two years later.

{¶ 14} The fourth assignment of error is overruled.

{¶ 15} Having overruled Brown's four assignments of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK, J., concurs.
DORRIAN, J., concurs in judgment only.

_____